# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| BERNARD THORNTON, | : | |
| Petitioner, | : | |
| v. | : | CASE NO. 4:11-CV-23-CDL-MSH |
| | : | 28 U.S.C. § 2254 |
| GLEN JOHNSON, Warden, | : | |
| Respondent. | : | |

## RECOMMENDATION OF DISMISSAL

Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Corpus Rules"). Pursuant to Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition . . . ." Habeas Corpus Rule 4 (emphasis added). Because Petitioner filed his application for a writ of habeas corpus outside the one year statute of limitations, his petition is due to be dismissed under Rule 4.

## BACKGROUND

On January 13, 1977, in the Superior Court of Muscogee County, Petitioner was found guilty of kidnapping, aggravated assault, and aggravated sodomy, and was sentenced to life in prison. (Pet. for Writ of Habeas Corpus 1, ECF No. 1.) Petitioner appealed his conviction, and on January 24, 1978, the Georgia Court of Appeals affirmed

his convictions for kidnapping with bodily injury and aggravated sodomy but vacated his conviction for aggravated assault. *Thornton v. State*, 144 Ga. App. 595 (1978). Petitioner states that he did not seek certiorari from the Georgia Supreme Court. (*Id.*)

In June 2007, Petitioner moved for state habeas relief in the Hancock Superior Court, which was denied in the same year. (Pet. for Writ of Habeas Corpus 3.) Petitioner states that he did not file an application for a certificate of probable cause to appeal the denial of his writ for habeas corpus to the Supreme Court of Georgia. The instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed by Petitioner on March 3, 2011. (*Id.* at 1.)

## DISCUSSION

### I. The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "A state prisoner's conviction becomes final when the United States Supreme Court denies certiorari, issues a decision on the merits, or when the ninety day period in which to file for certiorari expires, regardless of whether the defendant raised any federal issues on direct appeal." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (emphasis omitted). Thus, in order to determine "whether a petition for writ of habeas corpus was filed within one-year of the conviction becoming final, [the Court] must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *Id.* (internal quotation marks and citation omitted) (second and third alteration in original).

## II. Petitioner's Application is outside the AEDPA one-year limitations period.

Here, the limitations period has expired and Petitioner's petition is untimely. Petitioner was convicted and sentenced on January 13, 1977. (Pet. for Writ of Habeas Corpus 1.) Petitioner's appeal was decided by the Georgia Court of Appeals on January

3

24, 1978. Under Georgia law, specifically Rule 38 of the Georgia Supreme Court's Rules and Rule 38 of the Georgia Court of Appeals' Rules, Petitioner had ten days from January 24, 1978, in which to either move for reconsideration in the Court of Appeals or file a notice of intent to apply for certiorari to the Georgia Supreme Court. It does not appear from the record that he did either. Because he failed to seek a writ of certiorari in the Georgia Supreme Court, Petitioner's conviction became final ten days after the Georgia Court of Appeals affirmed his conviction. *Pugh v. Smith*, 465 F.3d 1295, 1297 (11th Cir. 2006). Thus, Petitioner's conviction became final on February 3, 1978. Since his conviction occurred prior to the enactment of the AEDPA, Petitioner's one-year limitations period did not start until April 24, 1996. Consequently, Petitioner's one-year AEDPA limitations period began to run on April 25, 1996, and expired on April 24, 1997.

Petitioner's first state habeas corpus petition was not filed until June 2007. (Pet. for Writ of Habeas Corpus 3.) This petition was filed over ten years after the expiration of the AEDPA statute of limitations, and does not toll the statute of limitations for the federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled"). Likewise, Petitioner's federal habeas petition filed on March 3, 2011, almost fourteen years following the expiration of the AEDPA statute of limitations, fails to invoke the jurisdiction of this court.

Of note, Petitioner argues that his first claim is based on newly discovered evidence. (Pet. for Writ of Habeas Corpus 13.) He does not argue that he is actually innocent of the crimes which form the basis for this petition, but merely states that "through extensive research [Petitioner] files this § 2254 motion after having discovered new evidence that pertains to his case." (*Id.*) A review of that evidence is a claim that the indictment in his case did not charge venue, and, as such, the court lacked the jurisdiction to convict him. (*Id.*)

Pursuant to the AEPDA, the one-year limitations period for filing a § 2254 petition may be tolled when a "properly filed" motion for post-conviction relief is "pending" in state court or when a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." 28 U.S.C. § 2244(d); *Webster v. Moore*, 199 F.3d 1256, 1257-58 (11th Cir. 2000); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The facts of Petitioner's case fail to toll the limitations period. As noted above, when Petitioner filed his state habeas petition in this case, his AEPDA limitations period had already expired. Thus, the only way the limitations period could be tolled is if the Petitioner was able to show that he diligently pursued his claims, but that his petition was filed out of time due to circumstances beyond his control. *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003). "Equitable tolling applies only in truly extraordinary circumstances." *Id.* The petitioner "bears the burden of establishing that he is entitled to this extraordinary relief." *Id.* Petitioner has failed to do so.

After his appeal was denied in 1978, Petitioner waited almost thirty years, which was almost eleven years after the enactment of the AEDPA, to file his state habeas petition in 2007. Petitioner's only excuse for why the limitations period should not bar his petition is that "through extensive research [Petitioner] files this § 2254 motion after having discovered new evidence that pertains to his case that was not brought forth by counsel, nor was Petitioner informed of the Court lacking the jurisdiction to try the case." Pet. for Writ of Habeas Corpus 13.) This assertion, however, even if accurate, does not constitute "extraordinary circumstances." The indictment and the contents therein, would have been discoverable at any time in the last thirty years. As such, Petitioner has failed to show that the one-year AEDPA limitations period should be tolled in his case.

## CONCLUSION

THEREFORE, IT IS RECOMMENDED that Petitioner's action be **DISMISSED** pursuant to Habeas Corpus Rule 4. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 26th day of April, 2011.

S/Stephen Hyles                    .
UNITED STATES MAGISTRATE JUDGE